IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
No. __:____-CV-___(_)

|  |  |  |
|---|---|---|
| HILL NISSAN, INC., a Florida corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| JENKINS NISSAN, INC., a Florida corporation, | ) | |
| FREDRICK JAMES JENKINS, a Florida | ) | |
| citizen, BRIAN M. FIVECOAT, a Florida | ) | |
| citizen, KRISTA GARRISON, a Florida citizen, | ) | |
| and DOES 1 – 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Hill Nissan, Inc. ("**Plaintiff**"), by and through its counsel, allege upon personal knowledge as to itself and its own acts, and upon information and belief with respect as to all other matters, as follows:

## JURISDICTION AND VENUE

1.    Plaintiff Hill Nissan, Inc. ("**Plaintiff**" or "**Hill Nissan**") is a Florida corporation, and at all relevant times, had its principal place of business in the Polk County, Florida.

2.    Defendant Jenkins Nissan, Inc. ("**Defendant**" or "**Jenkins Nissan**") is a Florida corporation, and at all relevant times, had its principal place of business in the Polk County, Florida.

3.    At all relevant times, Defendant Fred James Jenkins ("**Defendant**" or "**Jenkins**") is domiciled in and a citizen of the State of Florida, residing in Polk County, Florida.

4.    At all relevant times, Defendant Brian M. Fivecoat ("**Defendant**" or "**Fivecoat**") is domiciled in and a citizen of the State of Florida, residing in Polk County, Florida.

5.      At all relevant times, Defendant Krista Garrison ("**Defendant**" or "**Garrison**") is domiciled in and a citizen of the State of Florida, residing in Polk County, Florida.

6.      Plaintiff is uninformed of the true identifies and capabilities of the Defendants sued herein as "DOES 1 – 10" ("**Defendant**" or "**Defendant Does**").  Plaintiff shall seek leave to amend once the true identities of "DOE" Defendants are ascertained.

7.      Plaintiff is informed and believes and therefore alleges that each such fictitiously named Defendant is in some manner responsible for the acts alleged herein and that each such Defendant proximately caused the injuries stated herein.

8.      This Court has subject matter jurisdiction over Plaintiff' claims pursuant to 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over Plaintiff' claims arising under the laws of Florida and the common law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff' claims under federal law that they form a part of the same case or controversy and derive from a common nucleus of operative fact.

10.      This Court has personal jurisdiction because a substantial part of the actions of the Defendants complained of herein took place within this jurisdiction.

11.      Venue is proper in this district under 28 U.S.C. § 1391 because it is a judicial district in which the Plaintiff and Defendants reside, and where a substantial part of the events or omissions giving rise to these claims occurred.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.      Plaintiff incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

13. Plaintiff HILL NISSAN has been in the business of developing, marketing, and distributing for sale or lease to individual and corporate customers and the general public automobile and other like vehicles, as well as servicing automobiles and vehicles to such customers, for over 22 years.

14. Plaintiff HILL NISSAN has been in business for over twenty years, and its founders and organizers have been doing business under the name "Hill Nissan" in providing vehicle dealership and related services to others since 1989.

15. Plaintiff HILL NISSAN is a United States Nissan® vehicle dealership leader.

16. Plaintiff HILL NISSAN has continuously used the name HILL NISSAN in connection with the marketing and promotion of its business and goods since at least as early as 1989.

17. Since 1989, Plaintiff HILL NISSAN has invested millions of dollars in advertising, marketing and promoting the HILL NISSAN brand and designated products, including the running of television throughout Florida, and advertisement and marketing through the World via the Internet through its Website located at "hillnissan.com" and other forms of Internet advertising.

18. A substantially large number of Plaintiff HILL NISSAN's branded vehicles have been sold and leased and are used worldwide.

19. The HILL NISSAN mark, as used in connection with Plaintiff HILL NISSAN's business and the sale of its services, goods and commercial activities, is famous in Florida, inherently distinctive, and as a result of Plaintiff HILL NISSAN's extensive use, advertising and promotional efforts as described above, the HILL NISSAN mark is well-known and is

recognized by customers around the state of Florida as signifying and representing Plaintiff HILL NISSAN's business and high quality products.

20.      As a result of the advertising and expenditures previously described, Plaintiff HILL NISSAN has established considerable goodwill in the HILL NISSAN trademark, which is an invaluable asset of substantial and inestimable worth to HILL NISSAN.

21.      At all times relevant, Plaintiff HILL NISSAN and Plaintiff Hill have won numerous awards for their continued and outstanding conduct, including but not limited to, recognition of outstanding sales and customer service performance by Nissan®.

22.      At all times relevant, Plaintiff is informed, believe, and on that basis, allege that all of the Defendants were either employees, co-venturers, partners, co-conspirators or in some manner agents or principals, or both, for each other and were acting within the scope of their agency in their joint venture.

23.      At all times relevant, the individual Defendants, *i.e.*, Jenkins, Fivecoat, Garrison and Defendant Does, were directors, officers, managers, employees and/or actual, implied, and / or express agents of Defendant Jenkins Nissan, and at all times were acting within the course and scope of said employment / agency relationship, thereby rendering Defendant Jenkins Nissan vicariously liable for said individual Defendants' actions and omissions, as set forth below, under the doctrine of *respondent superior*.

24.      At all times relevant, Defendants were acting in a joint venture, and conspired to damage the reputation and brand awareness of the Plaintiff.

25.      As alleged throughout this Complaint, acting in the capacity as a joint venturer of a conspiracy with the Defendants and within the course and scope of her said employment / agency relationship with Defendant Jenkins Nissan, Defendant Garrison created certain

anonymous Google Maps User Accounts, including but not limited to, user accounts **<Champagnegirl>, <James>** and **<Kelsey>**, and published defamatory, and unfair and deceptive, false customer reviews of Plaintiff HILL NISSAN'S services and goods.

26.     As alleged throughout this Complaint, acting in the capacity as a joint venturer of a conspiracy with the Defendants and within the course and scope of her said employment / agency relationship with Defendant Jenkins Nissan, Defendant Garrison also used such anonymous Google Maps User Accounts to publish unfair and deceptive, and untrue, customer reviews of Defendant Jenkins Nissan.

27.     For the reasons more fully explained throughout this Complaint, the production, release, distribution, and publication of the defamatory and unfair and deceptive false and untrue customer reviews of Plaintiff HILL NISSAN and Defendant Jenkins Nissan was not conduct acted solely by Defendant Garrison.   Instead, the production, release, distribution, and publication of the defamatory and unfair and deceptive false and untrue customer reviews of Plaintiff HILL NISSAN and Defendant Jenkins Nissan were acts by all Defendants as joint venturers of conspiracy and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan.

28.     On or about July 25, 2011, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan, conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant Garrison create certain Google Maps User Accounts in order to intentionally and willfully damage the reputation and goodwill of the Plaintiff through various false and defamatory publications, while at the same time, enhance the reputation of Defendant Jenkins Nissan.

29.    On or about July 25, 2011, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan, conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant Garrison produce, release, distribute, and publish false, defamatory, unfair and deceptive malicious statements about Plaintiff HILL NISSAN under the anonymous Google Maps User Name          **<Champagnegirl>**          at          the          webpage **<http://www.google.com/search?q=Nissan+store+in+Winter+Haven&ie=utf-8&oe=utf-8&aq=t&rls=org.mozilla:en-US:official&client=firefox-a>**, which is Plaintiff HILL NISSAN'S Google Maps Customer Review web page. A copy of such posting is attached and incorporated hereto as **Exhibit A**.   In this false, defamatory, unfair and deceptive malicious posting, Defendants posted the following with reference to Plaintiff HILL NISSAN:

> 5 dealers responded to my internet search ….. and finally I was working with only 3.  Two dealers including Hill were within the same area …. The third simply too far aware for consideration.   The male who ultimately telephoned me used "honey" and "baby" not once but twice during the only conversation that I would permit!  Get a clue get with the times ….. as well when I asked for a detailed out the door price he mentioned it was best that I "come in"!  For whom was it best? He hung up when I requested to speak with someone who knew the purpose of the internet!  NOT INTERNET FRIENDLY!



(Collectively, "**Post 1**").

30.    **<Champagnegirl>** is a Google Maps user account utilized by and for the benefit of the Defendants.

31.    The Defendants did not experience the factual situation as set forth in Post 1.

32.     Each and every alleged statement in Post 1 was false, and was published by the Defendants intending to, and in fact, actually damaging Plaintiff.

33.     The sole purpose of Post 1 was for the benefit of the Defendants in order to assist Defendant Jenkins Nissan in competing with Plaintiff HILL NISSAN, including but not limited to, directing potential customers from Plaintiff HILL NISSAN to Defendant Jenkins Nissan, and for other reasons as set forth in this Complaint.

34.     On or about July 25, 2011, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan, conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant Garrison produce, release, distribute, and publish false, defamatory, unfair and deceptive malicious statements about Plaintiff HILL NISSAN under the anonymous Google Maps User Name **<James>** at the webpage **<http://www.google.com/search?q=Nissan+store+in+Winter+Haven&ie=utf-8&oe=utf-8&aq=t&rls=org.mozilla:en-US:official&client=firefox-a>**, which is Plaintiff HILL NISSAN'S Google Maps Customer Review web page. A copy of such posting is attached and incorporated hereto as **Exhibit A**.   In this false, defamatory, unfair and deceptive malicious posting, Defendants posted the following with reference to Plaintiff HILL NISSAN:

> Would NOT RECOMMEND a dog to go here … yeah I had an old truck; had some tough times …. But what a bad way to approach me and speak to me and my wife!  And her'es the thing …. You never called me back … never even tried to earn my business and the old truck you sold to me and burnt me bard! So i went somewhere else and you know what I'll nevetr go back to you …. And if ever I can tell someone about you … I do!  Just like your sales person said to me …. "what do you expect miracles?"   RUDE and always on the phone …. So you disrespected me too … didn't even speak to my wife …. Great job of losing acustomer.

James - Jul 25, 2011
Would NOt RECOMMEND a dog to go here....yeah i had an old truck; had some tough times....but what a bad way to approach me and speak to me and my wife! And her'es the thing....you never called me back...never even tried to earn my business and the old truck you sold to me and burnt me bad! So i went somewhere else and you know what I'll nevetr go back toyou ..... and if ever i can tell someone about you...I do! just like your sales person said to me...."what do you expect miracles?" RUDE and always on the phone...so you disrespected me too...didn't even speak to my wife....great job of losing acustomer.

(Collectively, "**Post 2**").

35.     **<James>** is a Google Maps user account utilized by and for the benefit of the Defendants.

36.     Each and every alleged statement in Post 2 was false, and was published by the Defendants intending to, and in fact, actually damaging Plaintiff.

37.     The Defendants did not experience the factual situation as set forth in Post 2.

38.     The sole purpose of Post was for the benefit of the Defendants in order to assist Defendant Jenkins Nissan in competing with Plaintiff HILL NISSAN, including but not limited to, directing potential customers from Plaintiff HILL NISSAN to Defendant Jenkins Nissan, and for other reasons as set forth in this Complaint.

39.     On or about July 25, 2011, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan, conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant Garrison produce, release, distribute, and publish false, defamatory, unfair and deceptive malicious statements about Plaintiff HILL NISSAN under the anonymous Google Maps User Name                **<Kelsey>**                at                the                webpage **<http://www.google.com/search?q=Nissan+store+in+Winter+Haven&ie=utf-8&oe=utf-8&aq=t&rls=org.mozilla:en-US:official&client=firefox-a>**, which is Plaintiff HILL NISSAN'S Google Maps Customer Review web page. A copy of such posting is attached and

incorporated hereto as **<u>Exhibit A</u>**.   In this false, defamatory, unfair and deceptive malicious posting, Defendants posted the following with reference to Plaintiff HILL NISSAN:

> They are so rude and they lie about their cars and about their competitors.  Yuck.



(Collectively, "**Post 3**").

40.     **<Kelsey>** is a Google Maps user account utilized by and for the benefit of the Defendants.

41.     Each and every alleged statement in Post 3 was false, and was published by the Defendants intending to, and in fact, actually damaging Plaintiff.

42.     The Defendants did not experience the factual situation as set forth in Post 3.

43.     The sole purpose of Post 3 was for the benefit of the Defendants in order to assist Defendant Jenkins Nissan in competing with Plaintiff HILL NISSAN, including but not limited to, directing potential customers from Plaintiff HILL NISSAN to Defendant Jenkins Nissan, and for other reasons as set forth in this Complaint.

44.     Simultaneously with the production, release, distribution, and publication of the defamatory and unfair and deceptive false and untrue customer reviews of Plaintiff HILL NISSAN, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan, conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant Garrison produce, release, distribute, and publish false, unfair and deceptive statements about Defendant Jenkins Nissan in order to enhance Defendant Jenkins's goodwill to compete against Plaintiff HILL NISSAN.

45.     On or about July 25, 2011, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan,

conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant

Garrison produce, release, distribute, and publish false, defamatory, unfair and deceptive

malicious statements about Plaintiff HILL NISSAN under the anonymous Google Maps User

Name **<Champagnegirl>** at Defendant Jenkins Nissan's Google Maps Customer Review

webpage.  A copy of such posting is attached and incorporated hereto as **<u>Exhibit A</u>**.  In this false,

unfair and deceptive posting, Defendants posted the following untrue customer reviews about

itself:

> This is my third new car purchase … and as a female I haven't always been met,
> spoken, nor treated as well as I'd thought evolution would mandate!  I really liked
> the fact that this dealership employees women as well as different ethnic
> backgrounds….so even before coming into the store I began to formulate "This is
> a progressive dealership!"   The mother daughter Internet team caught my
> eye…and  was  the  first  step  in  making  my  purchase  from  Jenkins  Nissan!
> Delightful to meet educated women – who are valued for their knowledge,
> abilities, and frankly business acumen!  I know I'm difficult – abrasive even – and
> these two ladies just hung in with me…and earned my interest and ultimately my
> business!  I arrived emails in hand – car was cleaned and waiting on me….as well
> Krista or Rita had given the info to me product specialist Amid.  He met me
> respectfully and well my myriad questions!  And never grew frustrated…even
> going so far as allowing me to see pics of his little girl!  This experience was
> wonderful, efficient, and to the letter matched the communication from Rita and
> Krista.  THIS CERTAINLY CHANGED MY MIND about car buying...at least at
> Jenkins Nissan!   From my vantage this is the only WOMAN FRIENDLY
> DEALERSHIP!!!

Jenkins Nissan 4401 State Rd 33 N, Lakeland, FL 33805
         - Jul 25, 2011

This is my third new car purchase...and as a female I haven't always been met, spoken, nor
treated as well as I'd thought evolution would mandate! I really liked the fact that this dealership
employees women as well as different ethnic backgrounds.....so even before coming into the store
I began to formulate "This is a progressive dealership!" The mother daughter Internet team
caught my eye.....and was the first step in making my purchase from Jenkins Nissan! Delightful to
meet educated women - who are valued for their knowledge, abilities, and frankly business
acumen! I know I'm difficult - abrasive even - and these two ladies just hung in with me.....and
earned my interest and ultimately my business! I arrived emails in hand - car was cleaned and
waiting on me....as well Krista or Rita had given the info to my product specialist Amid. He met me
with a smile, already had the paperwork filled out.... we walked around the car...he answered
respectfully and well my myriad questions! And never grew frustrated.......even going so far as
allowing me to see pics of his little girl! This experience was wonderful, efficient, and to the letter
matched the communication from Rita and Krista. THIS CERTAINLY CHANGED MY MIND about
car buying...at least at Jenkins Nissan! From my vantage this is the only WOMAN FRIENDLY
DEALERSHIP!!!!

(Collectively, "**Post 4**").

46.     **<Champagnegirl>** is a Google Maps user account utilized by and for the benefit of the Defendants.

47.     The Defendants did not experience the factual situation as set forth in Post 4.

48.     The sole purpose of Post 4 was for the benefit of the Defendants in order to assist Defendant Jenkins Nissan in unfairly competing with Plaintiff HILL NISSAN, including but not limited to, directing potential customers from Plaintiff HILL NISSAN to Defendant Jenkins Nissan, and for other reasons as set forth in this Complaint.

49.     On or about July 25, 2011, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan, conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant Garrison produce, release, distribute, and publish false, defamatory, unfair and deceptive malicious statements about Plaintiff HILL NISSAN under the anonymous Google Maps User Name **<James>** at Defendant Jenkins Nissan's Google Maps Customer Review webpage.   A copy of such posting is attached and incorporated hereto as **Exhibit A**.   In this false, unfair and deceptive posting, Defendants posted the following untrue customer reviews about itself:

> Like most of my family I'd had been a hard year….no overtime and company closed I came in just to get my old truck repaired.  I saw Mario and he helped me out….didn't think I had a chance to gets something newer.  But now I got a 05 Frontier!  They all went outta what I ever thought could happened…sending all my friends and family back there…payments are low and I feelt good about my truck.  Jenkins Nissan keep up the good work!

> Jenkins Nissan 4401 State Rd 33 N, Lakeland, FL 33805
> - Jul 25, 2011

> like most of my family I'd had been a hard year….no overtime and company closed I came in just to get my old truck repaired. I saw Mario and he helped me out…didn't think I had a chance of getts something newer. But now I got a 05 Frotnier!! They all went outta what I ever thought could happen…sending all my friends and family back there….payments are low and I feelt good about my truck. Jenkisn Nissan keep up the good work!

(Collectively, "**Post 5**").

50.    **<James>** is a Google Maps user account utilized by and for the benefit of the Defendants.

51.    The Defendants did not experience the factual situation as set forth in Post 5.

52.    The sole purpose of Post 5 was for the benefit of the Defendants in order to assist Defendant Jenkins Nissan in unfairly competing with Plaintiff HILL NISSAN, including but not limited to, directing potential customers from Plaintiff HILL NISSAN to Defendant Jenkins Nissan, and for other reasons as set forth in this Complaint.

53.    On or about July 25, 2011, Defendants acting in this joint venture, and within the course and scope of their said employment / agency relationship with Defendant Jenkins Nissan, conspired with one another for the benefit of Defendant Jenkins Nissan, and had Defendant Garrison produce, release, distribute, and publish false, defamatory, unfair and deceptive malicious statements about Plaintiff HILL NISSAN under the anonymous Google Maps User Name **<Kelsey>** at Defendant Jenkins Nissan's Google Maps Customer Review webpage.  A copy of such posting is attached and incorporated hereto as **Exhibit A**.  In this false, unfair and deceptive posting, Defendants posted the following untrue customer reviews about itself:

> I almost didn't buy my Altima from these folks after reading the post by Kevin! But I have to say in the end everything was put in writing by Rita in the Internet Department.  As she said "please don't get hung up on the trade" …. "look to the bottom line"  And their bottom line beat the nearest competitor by nearly $1900 dollars!  I too had priced my trade on KBB and Carmax …. But Rita was honest, upfront, no games…itemized the buyer's order for me prior to my trip there! Also the $5.00 oil changes for 5 years – just another added bonus!  And the holiday cash of an extra $500 dollars she emailed me the link to Nissan's page so that I could verify that it would expire and when. Before I went there I tried hard to get an appraisal over the phone….from these folks after reading the post by Kevin!  But I have to say in the end everything was put in writing by Rita in the Internet Department.  As she said "please don't get hung up on the trade"…."look to the bottom line"  And their bottom line beat the nearest competitor by nearly $1900 dollars!  I too hard priced my trade on KBB and Carmax….but Rita was hones, upfront, no games….itemized the buyer's order fro me prior to my trip there!  Also the $5.00 oil changes for 5 years . just another added bonus! And the

holiday cash of an extra $500 dollars she emailed me the link to Nissan's page so that I could verify that it would expire and when.  Before I went there I tried hard to get an appraisal over the phone…kinda of funny when I think about it now…but Rita insisted that email pictures, my vin#, mileage…and I did and they stuck right behind the appraisal.  A couple of extra steps but when shopping for the best price I got to do it all from home!  So thanks Jenkins Nissan…great deal, great service…..

Jenkins Nissan 4401 State Rd 33 N, Lakeland, FL 33805
        - Jul 25, 2011

I almost didn't buy my Altima from these folks after reading the post by Kevin! But I have to say in the end everything was put in writing by Rita in the Internet Department. As she said "…please don't get hung up on the trade"….."look to the bottom line". And their bottom line beat the nearest competitor by nearly $1900 dollars! I too had priced my trade on KBB and Carmax……but Rita was honest, upfront, no games……itemized the buyer's order for me prior to my trip there! Also the $5.00 oil changes for 5 years - just another added bonus! And the holiday cash of an extra $500 dollars she emailed me the link to Nissan's page so that I could verify that it would expire and when. Before I went there I tried hard to get an appraisal over the phone … from these folks after reading the post by Kevin! But I have to say in the end everything was put in writing by Rita in the Internet Department. As she said "…please don't get hung up on the trade"….."look to the bottom line". And their bottom line beat the nearest competitor by nearly $1900 dollars! I too had priced my trade on KBB and Carmax……but Rita was honest, upfront, no games……itemized the buyer's order for me prior to my trip there! Also the $5.00 oil changes for 5 years - just another added bonus! And the holiday cash of an extra $500 dollars she emailed me the link to Nissan's page so that I could verify that it would expire and when. Before I went there I tried hard to get an appraisal over the phone….kinda of funny when I think about it now…but Rita insisted that email pictures, my vin#, mileage…..and I did and they stuck right behind the appraisal. A couple of extra steps but when shopping for the best price I got to do it all from home! So thanks Jenkins Nissan….great deal, great service……

(Collectively, "**Post 6**").

54.     **<Kelsey>** is a Google Maps user account utilized by and for the benefit of the Defendants.

55.     The Defendants did not experience the factual situation as set forth in Post 6.

56.     The sole purpose of Post 6 was for the benefit of the Defendants in order to assist Defendant Jenkins Nissan in unfairly competing with Plaintiff HILL NISSAN, including but not limited to, directing potential customers from Plaintiff HILL NISSAN to Defendant Jenkins Nissan, and for other reasons as set forth in this Complaint.

57.     Defendants produced, released, distributed, and published Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 (collectively, the "**Posts**") for the purpose of increasing their Internet

visibility, trading off the goodwill of Plaintiff HILL NISSAN, and falsely denigrating Plaintiff HILL NISSAN's services and products to create an unfair competitive advantage in Defendant Jenkins Nissan's favor.

58.     Defendants intentionally published false and unfair and deceptive statements about Plaintiff HILL NISSAN via Post 1, Post 2 and Post 3, as set forth herein this Complaint, on the same exact day that Defendants published positive statements about Plaintiff HILL NISSAN's competitor, Defendant Jenkins Nissan, via Post 4, Post 5 and Post 6.

59.     Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 have damaged Plaintiff HILL NISSAN and benefited Defendant Jenkins Nissan.  A copy of Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 are collectively attached and incorporated hereto as **Exhibit A**.

60.     Defendants intentionally published these false and unfair and deceptive statements about itself and Plaintiff HILL NISSAN knowing that many users of Google's Map Reviews will simply look at Google's overall ratings of Plaintiff HILL NISSAN and Defendant Jenkins Nissan, and not the actual individual reviews.

61.     Such false Google ratings caused by Defendants' actions as alleged herein this Complaint have damaged Plaintiff HILL NISSAN and benefited Defendant Jenkins Nissan.

## FIRST CLAIM FOR RELIEF
### (False Designation of Origin and False Representation (15 U.S.C. § 1125(a))
### (Against All Defendants)

62.     Plaintiff incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

63.     Defendants' activities as alleged herein this complaint constitute false descriptions and representations and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants misrepresented the nature, characteristics,

and qualities of Plaintiff HILL NISSAN's services, goods and commercial activities in connection with the commercial advertising and promotion of Defendant Jenkins Nissan's services and goods.

64.     Defendants' acts of false representation and false advertising have caused Plaintiff HILL NISSAN to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

65.     Upon information and belief the aforesaid acts of Defendant were undertaken willfully and with the intention of causing confusion, mistake or deception, so that Plaintiffs are entitled to recover expanded remedies as set forth in 15 U.S.C. § 1125(c)(2).

66.     Upon information and belief, Defendants' have engaged in and continue to engage in these activities as alleged herein this complaint knowingly, willfully, maliciously and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

67.     Defendants' acts of false representation and false advertising, unless enjoined by this Court, will continue to cause Plaintiff HILL NISSAN to sustain irreparable damage, loss, and injury, for which Plaintiff HILL NISSAN has no adequate remedy at law.

68.     WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against all Defendants for general damages, statutory damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to 15 U.S.C. § 1125(a), and granting such further relief as this Court deems just and equitable. Further, because Defendants malice in acts of false representation and false advertising of Plaintiff HILL NISSAN'S services, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. State. § 768.72.

## SECOND CLAIM FOR RELIEF
### (Violation of Florida Consumer Protection Act)
### (Against Defendant Jenkins Nissan)

69.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

70.     The state of Florida has an important interest in ensuring that persons and entities doing business with Florida residents fully comply with Florida laws.

71.     Upon information and belief, the conduct complained of herein is a deceptive trade practice, *inter alia,* in that, Defendants knowingly made false representations as to the characteristics of the services, goods and business activities of both Plaintiff HILL NISSAN and Defendant Jenkins Nissan; knowingly disparaged the business, services and goods of Plaintiff HILL NISSAN by false and misleading representations of fact; and knowingly failed to disclose material information concerning Plaintiff HILL NISSAN's goods which information was known to Defendants at the time they published the false messages relating to Plaintiff HILL NISSAN, which failure to disclose was intended to induce consumers to enter into transactions with Defendant Jenkins Nissan.

72.     Upon information and belief, the conduct of Defendants described herein occurred and is occurring in the course of Defendants' business, vocation or occupation.

73.     Upon information and belief, Defendants engaged and continues to engage in these activities knowingly, willfully and deliberately.

74.     Plaintiff HILL NISSAN has been directly and proximately injured in its business and property by Defendants' conduct complained of herein, in violation of Plaintiff HILL NISSAN's rights under Fla. Stat. Sec. 501.201 *et. seq.*

75.     Defendants' violations of Fla. Stat. Sec. 501.204 have caused Plaintiff HILL NISSAN to sustain monetary damages, loss and injury, in an amount to be determined at the time of trial.

76.     In addition, pursuant to Fla. Stat. Sec. 501.201 *et. seq*., Plaintiff HILL NISSAN is entitled to trebled damages, attorney's fees and costs of suit, all in amounts to be determined at trial.

77.     Defendants' violations of Fla. Stat. Sec. 501.201 *et. seq*., unless enjoined by this Court, will continue to cause Plaintiff HILL NISSAN to sustain irreparable damage, loss and injury, for which Plaintiff HILL NISSAN has no adequate remedy at law.

78.     WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against all Defendants for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to Fla. Stat. Sec. 501.201 *et. seq*., and granting such further relief as this Court deems just and equitable. Further, because Defendants malice in the conduct complained of herein is a deceptive trade practice, *inter alia*, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. State. § 768.72.

### THIRD CLAIM FOR RELIEF
### (Violation of Florida's Deceptive and Unfair Trade Practices Act)

79.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

80.     This cause of action is brought by Plaintiff HILL NISSAN pursuant to Florida's Deceptive and Unfair Trade Practices Act ("**DUTPA**").  See Fla. Stat. § 501.201.

81.     "Consumer" means "an individual… business… corporation…."  Fla. Stat. § 501.203(7).

82.     Plaintiff is a consumer as defined under the DUTPA.

83.     DUTPA declares the acts and omissions of Defendants to be unlawful. The statute says:

(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2006.

Fla. Stat. § 501.204.

84.     The DUTPA prohibits an act or practice that violates either the standards for "unfairness," or those for "deception" – the two are independent of each other. An act or practice may be found to be unfair where it causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.  An act or practice is deceptive if it is likely to mislead a consumer acting reasonably under the circumstances.

85.     Post 1, Post 2, Post 3, Post 4, Post 5, and Post 6 authored and published by Defendants, and other acts of Defendants as alleged herein, were both unfair and deceptive.

86.     Post 1, Post 2, Post 3, Post 4, Post 5, Post 6 authored and published by Defendants, and other acts of Defendants as alleged herein, were both unfair and deceptive because viewers of these Posts, and other advertisements, had no knowledge that these Posts were fabricated and untrue, and did not reflect actual consumer opinions of the services of Plaintiff HILL NISSAN and Defendant Jenkins Nissan.

87.     Post 1, Post 2, Post 3, Post 4, Post 5, and Post 6 authored and published by Defendants, and other acts of Defendants as alleged herein, contained deceptive

misrepresentations that are material and are likely to and did deceive ordinary consumers acting reasonably into believing that these Posts were authentic and real reviews of Plaintiff HILL NISSAN and Defendant Jenkins Nissan.

88.    Defendants' omission to consumers that these Posts were not true, or authentic, and were fabricated by Defendants for Defendant Jenkins Nissan's sole beneficial and financial gain, and to the detriment of consumers including but not limited to Plaintiff HILL NISSAN, was material and was contemplated to likely affect a consumer's decision regarding the services of Plaintiff HILL NISSAN and Defendant Jenkins Nissan.   Consumers would not have purchased Defendant Jenkins Nissan's services, and indeed would have purchased the services of Plaintiff HILL NISSAN had they known that these Posts were not true or authentic and were made up by Defendants for Defendant Jenkins Nissan's sole benefit and financial gain.

89.    Defendants' practices have caused substantial injury to Plaintiff by depriving it of money it would have received from its existing and potential customers if they had not viewed these Posts and by covertly delivering false and untrue reviews of Defendant Jenkins Nissan's services.

90.    Defendants' unfair omissions injure both consumers and competition. Consumers are injured in all the ways that Plaintiff HILL NISSAN has been injured, as described throughout this Complaint, and competition suffers in several ways including, but not limited to: (1) honest companies, like Plaintiff HILL NISSAN, that do not author and publish false customer reviews of their services have lost and continue to lose market share to Defendant Jenkins Nissan's services as already described; (2) Defendant Jenkins Nissan is rewarded for its deceit with additional revenues (which should all be disgorged); and (3) competitors behaving deceptively creates a "race to the bottom," wherein additional companies feel economic pressure to similarly

author and publish false reviews of their products or services and thereby avoid losing further market share in the rapidly growing and competitive market for precise consumer demographic, location and other data.  There are no countervailing benefits of Defendants' conduct: not to consumers, nor to competition

91.     Defendants' violated and continues to violate the DUTPA by engaging in the trade practices described above, that has caused and continues to cause substantial injury to Consumers, which are not reasonably avoidable by the Consumers themselves, in transactions with Consumers, including but not limited to Plaintiff HILL NISSAN, which were intended to result in, and did result in, the sale of Defendant Jenkins Nissan services.

92.     There were reasonable alternatives available to further Defendant Jenkins Nissan's legitimate business interests, other than the conduct described herein. Defendant Jenkins Nissan, for example, could have abstained from authoring and publishing false and untrue customer reviews of Plaintiff HILL NISSAN and itself.  Defendant Jenkins Nissan also could have had actual customers of Defendant Jenkins Nissan author and publish reviews of Defendant Jenkins Nissan – rather than or in addition to its covert publication of these Posts.

93.     Defendants' are liable for attorney's fees and reasonable costs pursuant to Fla. Stat. § 501.2105, as described above, if Plaintiff prevails.

94.     Plaintiff also seeks punitive damages.

95.     Plaintiff seeks a declaratory judgment under Fla. Stat. § 501.2105.

96.     Violations of the relevant federal and state laws also serve as a predicate for violations of these DUTPA laws.

97.     Plaintiff HILL NISSAN reserves the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date of the Complaint.

98.     WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against all Defendants for general damages, statutory damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to Fla. State. § 501.201, *et. seq*., and granting such further relief as this Court deems just and equitable. Further, because Defendants malice in the conduct complained of herein is a deceptive and unfair trade practice, *inter alia*, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. State. § 768.72.

## FOURTH CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)
### (Against All Defendants)

99.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

100.    Upon information and belief, Defendants were aware that the consumer audience of Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 included prospective and/or existing customers and business associates of Plaintiff HILL NISSAN and Defendant Jenkins Nissan.

101.    Plaintiff HILL NISSAN has entered into and/or had a reasonable expectation that it would maintain or enter into contracts or business relationships with certain third parties who were existing Plaintiff HILL NISSAN customers or who had communicated their interest in establishing prospective contractual relationship with Plaintiff HILL NISSAN, including but not limited to new contractual relationships originating from leads generated by its overall presence on the Internet.

102.    Plaintiff HILL NISSAN has also entered into an agreement with Google as a user/merchant for Google's Map Reviews, which agreement was to bring lead generation to Plaintiff HILL NISSAN for the sale of its goods and services to others.

103.    During all material times, Defendants were aware that many of Plaintiff HILL NISSAN's existing and/or prospective customers have attempted to communicate with Plaintiff HILL NISSAN or to obtain additional information about Plaintiff HILL NISSAN and its services, goods and commercial activities through the Internet, including internet search engines searches such as Google.com and Google's Map Reviews.

104.    During all material times, Defendants were aware of these contacts and/or prospective business relations of Plaintiff HILL NISSAN, and of the fact that prospective customers in the industry utilize the Internet as a means of contacting or obtaining additional information concerning computer learning products such as those marketed and sold by Plaintiff HILL NISSAN.

105.    Upon information and belief, Defendants knowingly, willfully and maliciously interfered in Plaintiff HILL NISSAN's contracts and/or business expectancies by diverting customers from Plaintiff HILL NISSAN's Website through their disparagement of Plaintiff HILL NISSAN, while falsely pumping up Defendant Jenkins Nissan's services, collectively in a deceptive trade practice manner as alleged herein, and other unlawful conduct through their authoring and publication of Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6.

106.    Upon information and belief, Defendant Jenkins Nissan encouraged and participated in inciting its employees to author and publish false, misleading and damaging content of or concerning Plaintiff HILL NISSAN in order to benefit Defendant Jenkins Nissan's business.

107.    As a result of the Defendants' conduct, customers were induced to breach or terminate contracts, business relationships or expectancies with Plaintiff HILL NISSAN.

108.    Defendants' conduct as complained of herein was knowing, willful, malicious and deliberate.

109.    As a result, Defendants acted with malice, and without privilege, in furtherance of an intent to damage and interfere with Plaintiff HILL NISSAN.

110.    Defendants' dealings with Plaintiff HILL NISSAN show that each Defendant acted wantonly and with willful disregard of Plaintiff HILL NISSAN's rights, and therefore, Defendants conduct warrants punitive damages at the appropriate state of this proceeding.

111.    Plaintiff HILL NISSAN has been damaged by Defendants' conduct as complained of herein, in an amount to be determined at a trial.

112.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, including punitive damages, prejudgment interest, costs and such other and further relief as the Court deems appropriate, and granting such further relief as this Court deems just and equitable. Further, because Defendants malice in the conduct complained of herein is a deceptive and unfair trade practice, *inter alia*, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. State. § 768.72.

### FIFTH CLAIM FOR RELIEF
### (Defamation)
### (Against Defendant Garrison)

113.    Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

114.     Defendant Garrison did publish Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6, or caused to be published, false statements harmful to the interests of Plaintiff HILL NISSAN with the intent that the publication of the statements would cause harm to the interests of Plaintiff HILL NISSAN.

115.     At the time Defendant Garrison published Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6, and other the false statements she knew that the statements were false or acted in reckless disregard of their truth or falsity.

116.     Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 were about or concerning Plaintiff HILL NISSAN and its business.

117.     Defendant Garrison caused Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 to be published to third parties via Google.com, Internet search engines and other marketing means.

118.     The falsity of the statements contained in Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 has caused damage to Plaintiff HILL NISSAN and its business.

119.     Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 are false and damaging posts that were authored and published by Defendant Jenkins Nissan's employees while performing services within their scope of employment, and Defendant Jenkins Nissan received a benefit from such false and damaging posts as set forth herein.

120.     Upon information and belief, Defendant Jenkins Nissan did not have a company policy or procedure that prohibited such unlawful conduct as alleged herein.

121.     Plaintiff HILL NISSAN has been damaged by Defendants' conduct as complained of herein, in an amount to be determined at trial.

122.     WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against Defendant Garrison for general damages, special damages, as well as awarding attorney's fees,

costs and expenses incurred in prosecuting this action pursuant to Fla. Sat. § 57.105, and granting such further relief as this Court deems just and equitable. Further, because of Defendant Garrison's malice in publishing the defamatory statements, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. Stat. § 768.72.

**SIXTH CLAIM FOR RELIEF**
**(Defamation)**
**(Against All Defendants)**

123.    Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

124.    Defendants' acting in a joint venture, conspired throughout all material times, and collectively published Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6, or caused to be published, false statements harmful to the interests of Plaintiff HILL NISSAN with the intent that the publication of the statement would cause harm to the interests of Plaintiff HILL NISSAN.

125.    At the time Defendants' published Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6, and other the false statements they knew that the statements were false or acted in reckless disregard of their truth or falsity.

126.    Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 were about or concerning Plaintiff and its business.

127.    Defendants caused Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 to be published to third parties via Google.com, Internet search engines and other marketing means.

128.    The falsity of the statements contained in Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 has caused damage to Plaintiff HILL NISSAN and their business.

129.    Post 1, Post 2, Post 3, Post 4, Post 5 and Post 6 are false and damaging posts that were authored and published by Defendant Jenkins Nissan's employees while performing services within their scope of employment.

130.    Defendant Jenkins Nissan did not have a policy or procedure that prohibited such unlawful conduct as alleged herein.

131.    Plaintiff HILL NISSAN has been injured in its good name, credit and reputation by Defendants' conduct as complained of herein, in an amount to be determined at trial.

132.    WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against Defendants for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to Fla. Sat. § 57.105, and granting such further relief as this Court deems just and equitable. Further, because of Defendants' malice in publishing the defamatory statements, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. Stat. § 768.72.

**SEVENTH CLAIM FOR RELIEF**
**(Defamation *Per Se*)**
**(Against Defendant Garrison)**

133.    Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

134.    Defendant Garrison made false statements against Plaintiff HILL NISSAN, including falsely accusing Plaintiff HILL NISSAN of engaging in illegal activity directly relating to its trade and business.

135.    There false statements were published to third parties, indeed, to the entire world, via publication on the World Wide Web.

136.    When considered alone without innuendo, these statements tended to injure Plaintiff HILL NISSAN in its trade and business and attribute to Plaintiff HILL NISSAN conduct, characteristics, and conditions incompatible with the proper exercise of a lawful business.

137.    Defendant Garrison made these statements with a reckless disregard for the truth and without reasonable grounds for her to believe they were true.

138.    As a result of the publication of these Posts, Plaintiff HILL NISSAN has been injured in its good name, credit and reputation.

139.    The damage to Plaintiff HILL NISSAN's reputation was proximately caused by Defendant Garrison's publication of the Posts.

140.    WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against Defendant Garrison for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to Fla. Sat. § 57.105, and granting such further relief as this Court deems just and equitable. Further, because of Defendant Garrison's malice in publishing the defamatory statements, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. Stat. § 768.72.

### EIGHTH CLAIM FOR RELIEF
**(Defamation *Per Se*)**
**(Against All Defendants)**

141.    Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

142.    Defendants made false statements against Plaintiff HILL NISSAN, including falsely accusing Plaintiff HILL NISSAN of engaging in illegal activity directly relating to its trade and business.

143.    There false statements were published to third parties, indeed, to the entire world, via publication on the World Wide Web.

144.    When considered alone without innuendo, these statements tended to injure Plaintiff HILL NISSAN in its trade and business and attribute to Plaintiff HILL NISSAN conduct, characteristics, and conditions incompatible with the proper exercise of a lawful business.

145.    Defendants made these statements with a reckless disregard for the truth and without reasonable grounds for her to believe they were true.

146.    As a result of the publication of these Posts, Plaintiff HILL NISSAN has been injured in its good name, credit and reputation.

147.    The damage to Plaintiff HILL NISSAN's reputation was proximately caused by Defendant's publication of the Posts.

148.    WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against Defendants for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to Fla. Sat. § 57.105, and granting such further relief as this Court deems just and equitable. Further, because of Defendants' malice in publishing the defamatory statements, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. Stat. § 768.72.

**NINETH CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**
**(Against All Defendants)**

149.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

150.     As alleged herein this Complaint, Defendants negligently made false statements against the services of Plaintiff HILL NISSAN and Defendant Jenkins Nissan.

151.     Defendants were negligent in making the omission to consumers that these Posts were not true, or authentic, and Defendants' fabricated these Posts for Defendant Jenkins Nissan's sole beneficial and financial gain because it should have known that the customer reviews of Plaintiff HILL NISSAN and Defendant Jenkins Nissan were fictional, false, untrue and made for the benefit of Defendant Jenkins Nissan and would be would be material to consumers and Plaintiff HILL NISSAN.

152.     Defendants, in making that omission intended, or expected, that consumers would rely on the omission, and Plaintiff HILL NISSAN would rely on such reviews to be authentic.

153.     Plaintiff HILL NISSAN justifiably relied on Defendants' omissions that these reviews in the Posts were true and authentic, and would not have to review each and every review of its services and its competitor services, but for the omission.

154.     Defendants' omissions were material and directly and proximately caused ordinary consumers acting reasonably to buy the services offered via Defendant Jenkins Nissan, rather than via Plaintiff HILL NISSAN.   Without Defendants' omissions of their covert intentions, the services would not have been purchased, and Plaintiff would not have suffered damages.

155.     As a result of these negligent misrepresentations via these Posts, Plaintiff HILL NISSAN has been injured in its good name, credit and reputation.

156.    The damage to Plaintiff HILL NISSAN's reputation was proximately caused by Defendants' negligent misrepresentations.

157.    WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against Defendants for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to Fla. Sat. § 57.105, and granting such further relief as this Court deems just and equitable. Further, because of Defendants' malice in publishing the defamatory statements, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. Stat. § 768.72.

### TENTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Dilution)
### (Against All Defendants)

158.    Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

159.    By its acts alleged herein, Defendants have engaged in trademark infringement, false designation of origin and false representation, and dilution under the common law of the State of Florida.

160.    Defendants' conduct as alleged herein this complaint was intended to and did constitute false descriptions and representations and false advertising in commerce, causing such customers and the public to believe that Defendants' acts of false representation and false advertising were authentic reviews about Plaintiff.

161.    Defendants have intentionally deceived the public by Defendants' acts of false representation and false advertising about Plaintiff as though such representations and advertisements were authentic and published by real consumers and clients of Plaintiff.

162.    Upon information and belief, the aforesaid acts of Defendant were undertaken willfully and with the intention of causing confusion, mistake or deception so as to justify the

assessment of exemplary damages against them, in an amount to be determined at the time of trial.

163.    By reason of the acts of Defendant alleged herein, Plaintiffs have been damaged in an amount according to proof at trial, but which Plaintiffs are informed and believe is in excess of $1,000,000.

164.    By reason of the acts of Defendants alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendant is restrained from continuing its wrongful acts, the damage will be increased.

165.    Plaintiff has no adequate remedy at law.

166.    Upon information and belief, the foregoing conduct of Defendants were malicious and oppressive and was intended to deprive Plaintiff of property or legal rights or otherwise cause injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of punitive and exemplary damages against Defendant.

167.    WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against all Defendants for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action pursuant to Florida common law, and granting such further relief as this Court deems just and equitable. Further, because Defendants malice in acts of false representation and false advertising of Plaintiff HILL NISSAN'S services, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. State. § 768.72.

**ELEVENTH CLAIM FOR RELIEF**
**(Breach of Contract/Third Party Beneficiary and Conspiracy to Breach Contract)**
**(Against All Defendants)**

168.    Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

169.    On or about July 25, 2011, Defendants acting through Defendant Garrison and others entered into an agreed with Google in regards to their use of Google Services, including but not limited to Google Maps Customer Reviews.

170.    By terms of the agreement, Defendants agreed that when using Google's Products and the Content, they would not::

(a) defame, abuse, harass, stalk, threaten or otherwise violate the legal rights (such as rights of privacy and publicity) of others;
(b) upload, post, email, transmit or otherwise make available any inappropriate, defamatory, obscene, or unlawful content;
(c) upload, post, transmit or otherwise make available any content that infringes any patent, trademark, copyright, trade secret or other proprietary right of any party, unless you are the owner of the rights, or have the permission of the owner or other legal justification to use such content;
…
(e) upload, post, email, transmit or otherwise make available any other content, message, or communication prohibited by applicable law, the Terms or any applicable Product policies or guidelines;
…
(g) impersonate another person or entity, or falsify or delete any author attributions or proprietary designations or labels of the origin or source of Content, software or other material;
(h) restrict or inhibit any other user from using and enjoying the Products or Google services;
(i) interfere with or disrupt Google services or servers or networks connected to Google services, or disobey any requirements, procedures, policies or regulations of networks connected to Google services;

80.    Defendants have breached their agreement with Google via the acts as alleged herein this Complaint.

81.    All viewers of Google Maps customer reviews, including Plaintiff HILL NISSAN, were intended third party beneficiaries of Defendants' agreement with Google.

82.     As a result of Defendants breach of their agreement with Google, Plaintiff HILL NISSAN has been damaged as alleged herein this Complaint.

83.     WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against Defendants for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action, and granting such further relief as this Court deems just and equitable. Further, because of Defendants' malice in breaching its Google Agreement, Plaintiff HILL NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. Stat. § 768.72.

**TWELFTH CAUSE OF ACTION**
**(Civil Conspiracy)**
**(Against Defendants Jenkins, Fivecoat, Garrison and Does 1 - 10)**

84.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

85.     There was an agreement between the Defendant Jenkins, Defendant Fivecoat, Defendant Garrison and Defendant Does 1 – 10 to perform unlawful acts or lawful acts by illegal means as alleged herein this Complaint.

86.     Defendant Jenkins, Defendant Fivecoat, Defendant Garrison and Defendant Does 1 – 10 acted overtly in pursuit of their conspiracy as alleged herein this Complaint.

87.     Damage to Plaintiff HILL NISSAN resulted from those acts done under this conspiracy.

88.     WHEREFORE, Plaintiff HILL NISSAN demands judgment for damages against Defendants for general damages, special damages, as well as awarding attorney's fees, costs and expenses incurred in prosecuting this action, and granting such further relief as this Court deems just and equitable. Further, because of Defendants' malice in their conspiracy, Plaintiff HILL

NISSAN reserves the right to seek punitive damages upon subsequent Motion filed with the Court pursuant to Fla. Stat. § 768.72.

**PRAYER FOR RELIEF**

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that this Court enter a judgment in Plaintiff's favor and against Defendants providing for the following relief:

A.    Compensatory Damages;

B.    Statutory Damages;

C.    Special Damages;

D.    Punitive Damages, as set forth herein this Complaint;

E.    Pre-judgment interest to the extent permitted by law,

F.    Costs of this action;

G.    Reasonable attorney's fees; and

H.    Such other relief as the Court may deem just and appropriate.

**TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 14th day of December 2011.

*/s/ Robert C. Byerts*
Robert C. Byerts
BASS SOX MERCER
2822 REMINGTON GREEN CIRCLE
TALLAHASSEE, FLORIDA 32308
TELEPHONE: 850-878-6404
FACSIMILE: 850-942-4869
EMAIL: rbyerts@dealerlawyer.com

MARK W. ISHMAN
BASS SOX MERCER

9104 FALLS OF NEUSE ROAD, SUITE 200
RALEIGH, NC 27615
TELEPHONE: (919) 539-7626
FACSIMILE: (919) 882-1466
EMAIL: mishman@dealerlawyers.com
ATTORNEYS FOR PLAINTIFF

+Mark  Web  Images  Videos  **Maps**  News  Mail  more -                    Mark Ishman    Share... 



**Google** maps



**Champagnegirl**

Overview      Reviews (2)

## Recent Reviews

Hill Nissan Inc 6401 Cypress Gardens Boulevard, Winter Haven, FL 33884-3576
                    - Jul 25, 2011

5 dealers responded to my internet search......and finally I was working with only 3. Two dealers
including Hill were within the same area...the third simply too far away for consideration. The male
who ultimately telephoned me used "honey" and "baby" not once but twice during the only
conversation that I would permit! Get a clue get with the times........ as well when I asked for a
detailed out the door price he mentioned it was best that I "come in"! For whom was it best? He
hung up when I requested to speak with someone who knew the purpose of the internet! NOT
INTERNET FRIENDLY!
Was this review helpful? Yes - No                                      [Flag as inappropriate]

Jenkins Nissan 4401 State Rd 33 N, Lakeland, FL 33805
                    - Jul 25, 2011

This is my third new car purchase...and as a female I haven't always been met, spoken, nor
treated as well as I'd thought evolution would mandate! I really liked the fact that this dealership
employees women as well as different ethnic backgrounds.....so even before coming into the store
I began to formulate "This is a progressive dealership!" The mother daughter Internet team
caught my eye.....and was the first step in making my purchase from Jenkins Nissan! Delightful to
meet educated women - who are valued for their knowledge, abilities, and frankly business
acumen! I know I'm difficult - abrasive even - and these two ladies just hung in with me.....and
earned my interest and ultimately my business! I arrived emails in hand - car was cleaned and
waiting on me...as well Krista or Rita had given the info to my product specialist Amid. He met me
with a smile, already had the paperwork filled out.... we walked around the car...he answered
respectfully and well my myriad questions! And never grew frustrated.......even going so far as
allowing me to see pics of his little girl! This experience was wonderful, efficient, and to the letter
matched the communication from Rita and Krista. THIS CERTAINLY CHANGED MY MIND about
car buying...at least at Jenkins Nissan! From my vantage this is the only WOMAN FRIENDLY
DEALERSHIP!!!!
4 out of 4 people found this review helpful.                           [Flag as inappropriate]
Was this review helpful? Yes - No

See all 2 reviews »


EXHIBIT

A

+Mark  Web  Images  Videos  Maps  News  Mail  more                    Mark Ishman      Share  

 maps                                 

  James

Overview     Reviews (2)

## Recent Reviews

Jenkins Nissan 4401 State Rd 33 N, Lakeland, FL 33805
 - Jul 25, 2011

like most of my family I'd had been a hard year....no overtime and company closed I came in just
to get my old truck repaired. I saw Mario and he helped me out...didn't think I had a chance of
getts something newer. But now I got a 05 Frotnier!! They all went outta what I ever thought could
happen...sending all my friends and family back there....payments are low and I feell good about
my truck. Jenkisn Nissan keep up the good work!
9 out of 13 people found this review helpful.                          [Flag as inappropriate]
Was this review helpful?  Yes - No

Hill Nissan Inc 6401 Cypress Gardens Boulevard, Winter Haven, FL 33884-3576
 - Jul 25, 2011

Would NOt RECOMMEND a dog to go here....yeah I had an old truck; had some tough
times....but what a bad way to approach me and speak to me and my wife! And her'es the
thing....you never called me back...never even tried to earn my business and the old truck you sold
to me and burnt me bad! So i went somewhere else and you know what I'll nevetr go back toyou
   ... and if ever I can tell someone about you...I do! just like your sales person said to me... "what
do you expect miracles?" RUDE and always on the phone.. so you disrespected me too...didn't
even speak to my wife....great job of losing acustomer.
2 out of 2 people found this review helpful                            [Flag as inappropriate]
Was this review helpful?  Yes - No

See all 2 reviews »

Google Maps                                    http://maps.google.com/maps/user?uid=2125213454870683419468&hl...



+Mark  Web  Images  Videos  **Maps**  News  Mail  more               Mark Ishman    Share...   

# Google maps

 **Kelsey**

Overview    Reviews (8)

## Recent Reviews

**Jenkins Nissan** 4401 State Rd 33 N, Lakeland, FL 33805
- Jul 25, 2011

I almost didn't buy my Altima from these folks after reading the post by Kevin! But I have to say in the end everything was put in writing by Rita in the Internet Department. As she said "...please don't get hung up on the trade".... "look to the bottom line". And their bottom line beat the nearest competitor by nearly $1900 dollars! I too had priced my trade on KBB and Carmax .... ..but Rita was honest, upfront, no games...... itemized the buyer's order for me prior to my trip there! Also the $5.00 oil changes for 5 years - just another added bonus! And the holiday cash of an extra $500 dollars she emailed me the link to Nissan's page so that I could verify that it would expire and when. Before I went there I tried hard to get an appraisal over the phone ... from these folks after reading the post by Kevin! But I have to say in the end everything was put in writing by Rita in the Internet Department. As she said "...please don't get hung up on the trade"....."look to the bottom line". And their bottom line beat the nearest competitor by nearly $1900 dollars! I too had priced my trade on KBB and Carmax...... but Rita was honest, upfront, no games..... .itemized the buyer's order for me prior to my trip there! Also the $5.00 oil changes for 5 years - just another added bonus! And the holiday cash of an extra $500 dollars she emailed me the link to Nissan's page so that I could verify that it would expire and when. Before I went there I tried hard to get an appraisal over the phone....kinda of funny when I think about it now...but Rita insisted that email pictures, my vin#, mileage.....and I did and they stuck right behind the appraisal. A couple of extra steps but when shopping for the best price I got to do it all from home! So thanks Jenkins Nissan....great deal, great service......

6 out of 6 people found this review helpful.                    [Flag as inappropriate]
Was this review helpful?  Yes - No


**AutoWay Nissan of Brandon** 9920 East Adamo Drive, Tampa, FL, United States
- Jul 25, 2011

RUDE RUDE RUDE! OMG don't go there...I'm a woman and I don't understand the mechanics of a car but you don t have to be mean to me when I ask for assisitance.

1 out of 1 people found this review helpful.                    [Flag as inappropriate]
Was this review helpful?  Yes - No


See all 8 reviews »

http://maps.google.com/maps/place?rlz=1T4GGLL_enUS340US340&um=1&ie=UTF-8&q=hill+niss...



To see all the details that are visible on the screen, use the "Print" link next to the map.

## Hill Nissan Inc

6401 Cypress Gardens Boulevard, Winter Haven, FL 33884-3576

‹ Back to overview

Map data ©2011 Google

## Reviews

Sign in to rate

1 - 10 of 11

**Champagnegirl** - Jul 25, 2011

**5 dealers responded to my internet search....** ...and finally I was working with only 3. Two dealers including Hill were within the same area... the third simply too far away for consideration. The male who ultimately telephoned me used "honey" and "baby" not once but twice during the only conversation that I would permit! Get a clue get with the times ........as well when I asked for a detailed out the door price he mentioned it was best that I "come in"! For whom was it best? He hung up when I requested to speak with someone who knew the purpose of the internet! NOT INTERNET FRIENDLY!

1 out of 1 people found this review helpful Was this review helpful? Yes - No - Flag as inappropriate

**James** - Jul 25, 2011

**Would NOt RECOMMEND a dog to go here....yeah** I had an old truck, had some tough times...but what a bad way to approach me and speak to me and my wife! And her'es the thing ...you never called me back...never even tried to earn my business and the old truck you sold to me and burnt me bad! So i went somewhere else and you know what I'll nevetr go back toyou ... and if ever I can tell someone about you...I do! just like your sales person said to me... "what do you expect miracles?" RUDE and always on the phone...so you disrespected me too...didn't even speak to my wife ...great job of losing acustomer.

3 out of 3 people found this review helpful. Was this review helpful? Yes - No - Flag as inappropriate

**Kelsey** - Jul 25, 2011

**They are so rude and they lie about** their cars and about their competitors. Yuck

1 out of 2 people found this review helpful Was this review helpful? Yes - No - Flag as inappropriate

**MWS** - Apr 15, 2011

**I just moved down here and needed new tires.** Nissan had a deal in April for tires and I said what the heck. The service person was great, I knew I had an issue more than tires and it was under my extended warranty (a bearing) which I forgot I took out on the car. It was nice to have the reminder. They took care of everything and I will go back for my services. I see a lot of negative on here but my experience was great.

2 out of 2 people found this review helpful? Was this review helpful? Yes - No - Flag as inappropriate

**Cram** - Oct 12, 2010

**Typical dishonesty.** I asked for the bottom line price on a truck. They gave it too me and when I said I would pass I got the well how much are you willing to pay? Guess bottom line means something different to them. I also got a series of emails trying to justify lying as part of negotiating. I won't deal with liars but if you choose to shop there just remember they feel lying is acceptable.

2 out of 2 people found this review helpful. Was this review helpful? Yes - No - Flag as inappropriate

Nov 9, 2009

**TERRIBLE** Absolutely terrible, Hill Nissan will do anything they can to rip you off and they will be rude about it while they do it. STAY AWAY

2 out of 2 people found this review helpful Was this review helpful? Yes - No - Flag

Ads

**Nissan — 2011 Clearance**
Nissan Dealers Cut Prices to Make
Sales — Get Internet Prices & Save!
Nissan.DealersClearingLots.com

**Auto Financing in Raleigh**
Apply online, get approved today!
Bad Credit, No Credit, No Problem.
www.gojdb.com

**Toyota®Offers Toyota Care**
Get 2 Year/25,000 Mile Maintenance
Plan with Toyota Care. Learn More.
southeast.boyatoyota.com/ToyotaCare

**Used Cars for Poor Credit**
Buy a Used Car, improve Your Credit
DriveCare Warranty-2 Mins.=Approved
www.DriveTime.com

as inappropriate

 Toyota Guy - Oct 10, 2009

**Are they even open?** Went by but I think they are closed.

Was this review helpful? Yes - No- Flag as inappropriate

Some Guy - Sep 12, 2009

**Utter Garbage!** Horrible experience. Inexperienced and incompetent salesmen, and a number of used cars are in absolutely terrible condition. Save yourself a disappointing loss of time and visit the neighboring dealerships if you intend to purchased a pre-owned vehicle.

1 out of 1 people found this review helpful Was this review helpful? Yes - No  Flag as inappropriate

bmrfm - Oct 27, 2008

★ ★ ★ ★ ★ **Used Car Purchase** Great deal and super buying experience at **Hill Nissan** - bought a nice low mileage vehicle with no big dealer hassle or pressure

Was this review helpful? Yes - No- Flag as inappropriate

Joeysleep - Feb 14, 2011
★

Flag as inappropriate

hill nissan florida



Report a problem - Edit this place - Terms of Use - Help

Google Home - Advertising Programs - Privacy - About Google

http://maps.google.com/maps/place?rlz=1T4GGLL_enUS340US340&um=1&ie=UTF-8&q=hill+niss...

To see all the details that are visible on the screen, use the "Print" link next to the map

## Hill Nissan Inc

6401 Cypress Gardens Boulevard, Winter Haven, FL 33884-3576

« Back to overview



### Reviews

Sign in to rate

**11 - 11 of 11**

Krista - Dec 2, 2010

Flag as inappropriate

©2011 Google          Map data ©2011 Google

hill nissan florida

Report a problem - Edit this place - Terms of Use - Help

Google Home - Advertising Programs - Privacy - About Google